IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRISTOPHER ELLIS,
ROBERT L. SCHMITZ & GREGORY SURBECK,
On behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.                               Case No. 3:18cv073-SA-JMV

BAPTIST MEMORIAL HEALTH CARE
CORPORATION,

                                    **JURY DEMANDED**

    Defendant.

## COMPLAINT

## I
### Introduction

Plaintiffs Christopher Ellis, Robert L. Schmitz, and Gregory Surbeck, on behalf of themselves and all others similarly situated, hereby file this lawsuit against Defendant Baptist Memorial Health Care Corporation for declaratory relief, injunctive relief, and money damages for violations of the Fair Labor Standards Act (hereinafter "FLSA"). In support thereof, Plaintiffs would state the following:

## II
### Jurisdiction and Venue

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b). All acts alleged in this complaint occurred in the Northern District of Mississippi; therefore, venue is appropriate in this Court.

## III

## Parties

2. Plaintiff Christopher Ellis is an adult citizen of the State of Mississippi and a resident of Lafayette County, Mississippi. At all times relevant, Plaintiff Ellis was employed by Defendant in its location in Oxford, Mississippi as an EMT, making around $12.50 per hour towards the end of his employment with Defendant.

3. Plaintiff Robert L. Schmitz is an adult citizen of the State of Mississippi and a resident of Yalobusha County, Mississippi. At all times relevant, Plaintiff Schmitz was employed by Defendant in its location in Oxford, Mississippi as a paramedic, making around $23.22 per hour towards the end of his employment with Defendant.

4. Plaintiff Gregory Surbeck is an adult citizen of the State of Mississippi and a resident of Lafayette County, Mississippi. At all times mentioned herein, Plaintiff Surbeck was employed by Defendant in its location in Oxford, Mississippi as a paramedic making $16.97 per hour towards the end of his employment with Defendant.

5. Defendant Baptist Memorial Health Care Corporation is a Tennessee non-profit corporation regularly doing business in the State of Mississippi as Baptist Memorial Hospital North Mississippi in Oxford, Baptist Memorial Hospital-Union County in New Albany, Baptist Memorial Hospital- Calhoun in Calhoun City, Mississippi, and Baptist Memorial Hospital-Golden Triangle in Columbus, Mississippi. Defendant's registered agent for service of process in the state of Mississippi is CT Corporation System at 645 Lakeland East Drive, Ste. 101, Flowood, Mississippi 39232.

6. At all times relevant, Defendant employed Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated at its Oxford, New Albany, Calhoun City, or Columbus locations as emergency medical service drivers, emergency medical technicians, or paramedics.

## IV

### Collective Action Allegations

7. This action is a collective action brought under 29 U.S.C. § 216(b), on behalf of Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated who are described as follows:

> All persons formerly employed by Defendant as emergency medical service drivers, emergency medical technicians, or paramedics at its Oxford, New Albany, Calhoun City, or Columbus locations in Mississippi from January 1, 2015 to the present (known hereinafter as "FLSA Class").

8. Plaintiffs Ellis, Schmitz, and Surbeck are unable to state the exact number of persons in the FLSA Class. However, Plaintiffs Ellis, Schmitz, and Surbeck are informed and believe that the FLSA Class exceeds 50 members. The members of this class are so numerous as to make joinder impracticable.

9. There are questions of law or fact common to the FLSA Class.

10. The claims of Plaintiffs Ellis, Schmitz, and Surbeck are typical of the claims of the FLSA Class.

11. Plaintiffs Ellis, Schmitz, and Surbeck will fairly and adequately protect the interests of the FLSA Class. Plaintiffs Ellis, Schmitz, and Surbeck know of no difficulty that should be encountered in the management of this litigation that would preclude its maintenance as a collective action or class action. Plaintiffs Ellis, Schmitz, and Surbeck do hereby consent to join their claims in this collective action. See Consents, attached hereto as Exhibits "A", "B", and "C."

12. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications in different jurisdictions with respect to individual class members, which could establish incompatible standards of conduct for Defendant. Consequently, collective action certification is proper.

13. Plaintiffs Ellis, Schmitz, and Surbeck are informed and believe that Defendant, in

refusing to pay overtime to the FLSA Class and in intentionally misclassifying them, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate declaratory, injunctive and monetary relief for all members of the FLSA Class. Consequently, collective action certification is proper under 29 U.S.C. § 216(b).

14. The common questions of law and fact predominate over any questions affecting individual class members only. A collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, collective action certification is proper under 29 U.S.C. § 216(b).

## V
## Factual Allegations

15. At all times relevant, Defendant employed Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated in connection with the business of Defendant at its Mississippi locations in Oxford, New Albany, Calhoun City, or Columbus. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203.

16. From January 1, 2015 and up to November 2017, Defendant employed Plaintiffs Ellis, Schmitz, and Surbeck, and all others similarly situated, for many workweeks in excess forty (40) hours in the workweek.

17. Defendant failed and refused to compensate Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated for *all* such work in excess of forty (40) hours at rates not less than one and one-half (1 ½) times the regular rates at which they were employed during those times, contrary to the provisions of 29 U.S.C. § 207(a). Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated are non-exempt employees under the FLSA.

18. Defendant's failure to pay overtime compensation for *all* such time was willful and in reckless disregard to the federally protected rights enjoyed by Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated.

19. Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated would incorporate paragraphs 1 through 18 above as though specifically set forth herein and would state Defendant's refusal to pay overtime compensation constitutes violation of the FLSA.

## VI
### Prayer for Relief

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs Ellis, Schmitz, and Surbeck prays for the following:

1. That the Defendant be required to appear and answer the Complaint within the time provided in the Federal Rules of Civil Procedure;

2. That the Court certify the FLSA Class pursuant to 29 U.S.C. § 216(b);

3. That the Court authorize notification to all persons in the FLSA Class of the existence and their right to participate in the collective action pursuant to 29 U.S.C. § 216(b);

4. That the Court provide declaratory relief clarifying that Plaintiffs Ellis, Schmitz, and Surbeck and all others are similarly situated are entitled to receive overtime compensation;

5. That the Court provide injunctive relief to Plaintiffs Ellis, Schmitz, and Surbeck and all others are similarly situated by ordering Defendant to pay overtime compensation to Plaintiff Ellis, Schmitz, and Surbeck and all others similarly situated in the future;

6. That Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated be awarded unpaid overtime compensation;

7. That Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated be awarded liquidated damages;

8. That Plaintiffs Ellis, Schmitz, and Surbeck and all others similarly situated be awarded reasonable attorney's fees, expert witness fees, as well as costs and expenses incurred in bringing this lawsuit; and

9. Plaintiffs demand on behalf of themselves and all others similarly situated that such other and further relief as may be just and proper, including, but not limited to, pre-

judgment and post-judgment interest.

Respectfully submitted,

By: _____
James D. Harper - MS Bar #99386
HARPER WHITWELL, PLLC
800 College Hill Road, Ste. 5201
P.O. Box 3150
Oxford, MS 38655
Telephone: 662/234-0320
Facsimile: 662/259-8464

**ATTORNEYS FOR PLAINTIFFS**