**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CHRISTOPHER ELLIS, et al.,**

    **Plaintiff,**

    v.                                              No. 3:18cv073-SA-JMV

**BAPTIST MEMORIAL
HEALTH CARE CORPORATION,**

    **Defendant.**

**MEMORANDUM OF FACTS AND LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.    LAW AND ARGUMENT .................................................................................................... 2

    A.    Standard For A Motion To Dismiss ........................................................................ 2

    B.    Facts Required To State A Plausible FLSA Claim For Unpaid Wages ................. 4

    C.    The Complaint Must Be Dismissed Because It Fails To Plead Facts To State A Plausible FLSA Claim For Unpaid Wages ............................................... 8

III.    CONCLUSION .................................................................................................................... 9

I.  INTRODUCTION

The Complaint alleges that Defendant Baptist Memorial Health Care Corporation ("BMHCC") conducts business as Baptist Memorial Hospital – North Mississippi, Baptist Memorial Hospital – Union County, Baptist Memorial Hospital – Calhoun, and Baptist Memorial Hospital – Golden Triangle. (Complaint, Doc. 1 ¶5.) The Complaint further alleges that BMHCC employed Plaintiffs Christopher Ellis, Robert Schmitz, and Gregory Surbek (collectively "Plaintiffs") as emergency medical service drivers, emergency medical technicians, or paramedics at one or more of the above locations. (Doc. 1 ¶¶6, 15.) Plaintiffs claim BMHCC failed to properly compensate them for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"). (Doc. 1 ¶¶1, 17.) Plaintiffs also seek certification under 29 U.S.C. §216(b) of a collective action class of "all others similarly situated" at the above locations. (Doc. 1 ¶¶7, 14.)

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The sum total of the Complaint's limited "factual allegations" supporting Plaintiffs' FLSA claim consists of:

> From January 1, 2015 and up to November 2017, Defendant employed Plaintiffs Ellis, Schmitz, and Surbeck, and all others similarly situated, for many workweeks in excess [sic] forty (40) hours in the workweek.
>
> Defendant failed and refused to compensate Plaintiffs Ellis, Schmitz, and Surbeck, and all others similarly situated for *all* such work in excess of forty (40) hours at rates not less than one and one-half (1½) times the regular rates at which they were employed during those times, contrary to the provisions of 29 U.S.C. §207(a). Plaintiffs Ellis, Schmitz, and Surbeck, and all others similarly situated are non-exempt employees under the FLSA.

(Doc. 1 ¶¶16-17.)

As discussed in detail below, under the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Plaintiffs

1

fail to plead sufficient facts to state a plausible claim for unpaid minimum wages or unpaid overtime under the FLSA. The Complaint contains nothing more than conclusory allegations, devoid of factual support, that merely track the statute's language. Fatally, Plaintiffs do not plead facts as to (1) the nature of the alleged "work" performed without compensation; (2) their hourly rate(s); (3) any week(s) during an applicable limitations period in which they actually performed work; (4) the week(s) during an applicable limitations period in which they worked more than forty hours; (5) the number of hours (or even an estimate of hours) they worked in any given workweek(s) during an applicable limitations period; or (6) the number (or even an estimate) of unpaid hours or amounts they are owed. Accordingly, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II.     LAW AND ARGUMENT

### A.     Standard For A Motion To Dismiss

Fed. R. Civ. P. 8, while not requiring detailed factual allegations, does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), such as that presented here. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), nor will a complaint "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must contain sufficient *factual matter*, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis added).

"Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim has facial plausibility only when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id.* at 556. The plausibility standard is not the same as a "probability requirement," but it does mandate more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly,* 550 U.S at 557 (brackets omitted).

"Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Therefore, in ruling on a motion to dismiss, courts must first eliminate legal conclusions that lack supporting facts, then assume the remaining factual allegations and "determine whether they plausibly" give rise to relief. *Id.* at 678-80. The general principle that the court accepts all of the factual allegations contained in a complaint as true when it decides a motion under Rule 12(b)(6), *is inapplicable, however, to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly,* 550 U.S at 555.

As the Fifth Circuit has emphasized, though a district court must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true, the plaintiff cannot merely recite the elements of a cause of action. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). *See also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, "the complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain a recovery.'" *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citation omitted). The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Accordingly, "[d]ismissal is proper if the complaint lacks an

allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006).

As discussed in detail below, the pleading standards announced in *Twombly* and *Iqbal* apply with equal force to complaints asserting claims under the FLSA. The Complaint here fails plead sufficient facts to state a plausible FLSA claim for unpaid wages under the *Twombly/Iqbal* standard. Accordingly, it must be dismissed.

### B. Facts Required to State a Plausible FLSA Claim For Unpaid Wages

Under the FLSA, the plaintiff bears the burden of proving he "performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Not all alleged time "worked," however, is compensable under the FLSA. *See, e.g.*, 29 U.S.C. §254(a)(2) (certain preliminary and postliminary activities not compensable). The conclusory allegations underlying Plaintiffs' claims here lack the factual specificity required by *Twombly* and *Iqbal* to state a claim for compensable unpaid work. Rather, Plaintiffs merely allege they worked in excess of forty (40) hours in many weeks and BMHCC did not properly compensate them for all hours worked. (Doc. 1 ¶¶16-17.) The fact that Plaintiffs worked in excess of forty hours in many weeks, however, does not *ipso facto* mean that time was compensable work under the FLSA or that BMHCC did not properly compensate them.

To survive a motion to dismiss in an FLSA case, "Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health System of Long Island, Inc.,* 711 F.3d 106, 114 (2nd Cir. 2013) (affirming dismissal of individual and collective action FLSA claims for failure to satisfy *Twombly/Iqbal* pleading standards). In *Lundy*, the Second Circuit held, "we find no plausible claim that [the] FLSA was violated, because Plaintiffs have not alleged a single workweek in

4

which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." 711 F.3d at 114.

Addressing allegations similar to those here, the court in *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), held that an allegation that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" was "one of those borderline phrases" that, "while not stating [an] ultimate legal conclusion[, was] nevertheless so threadbare or speculative that [it] fail[ed] to cross 'the line between the conclusory and the factual.'" (citation omitted.) Likewise, *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 243 (3rd Cir. 2014), held, "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours. Of the four named plaintiffs who allege that they 'typically' worked at least forty hours per week, in addition to extra hours 'frequently' worked during meal breaks or outside of their scheduled shifts … none indicates that she in fact worked extra hours during a typical (that is, a forty-hour) week. Their allegations are therefore insufficient." *See also DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2nd Cir. 2013) (plaintiff must allege total work hours and unpaid hours in at least one workweek).

District courts applying the *Twombly/Iqbal* pleading standard in FLSA cases also have dismissed claims based on conclusory allegations similar to those found in this Complaint. In *Hall v. Plastipak*, 2015 U.S. Dist. LEXIS 128992, at *7 (E.D. Mich. Sept. 25, 2015), the district court "adopt[ed] the standard that a complaint of FLSA violations must do more than parrot the text of a statute or the elements of a claim." In applying that standard, the *Hall* court found a complaint alleging merely that "'Plaintiffs regularly worked over 40 hours per week ... during the relevant employment period' [and that] 'Defendants paid Plaintiffs just their regular hourly rate of pay for hours worked over 40 in a week ..., and failed to pay Plaintiffs one and one half

5

times their regular rates of pay for all hours worked over 40 in a week[,]' … lacks the specificity and factual allegations that *Twombly* and *Iqbal* require to state a claim upon which relief can be granted." *Id*. at **7-8.

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2011 U.S. Dist. LEXIS 8585 (S.D.N.Y. Jan. 28, 2011), *aff'd*, 723 F.3d 192 (2nd Cir. 2013), the district court held that the FLSA requires a complaint "[a]t a minimum" to "set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Id*. at **20-21. The court found that the complaint contained "no factual allegations about when the alleged unpaid wages were earned … or the number of hours allegedly worked without compensation – *the heart of the claim*." *Id*. at *21 (emphasis added). On this basis, the court found allegations that "Plaintiffs and Class members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours" were insufficient to survive a motion to dismiss. *Id*. On appeal, the Second Circuit affirmed, holding, "Plaintiffs have merely alleged that they were not paid for overtime hours worked. These allegations … *raise the possibility* that Plaintiffs were undercompensated in violation of the FLSA …; however, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations *do not state a plausible claim* for such relief. To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 201 (emphasis added).

The most recent district court decisions "uniformly reject" such allegations. *Castillo v. United Rentals (North America), Inc.*, 2018 U.S. Dist. LEXIS 44532, at *12 (W.D. Wash. Mar. 19, 2018). In *Castillo,* the plaintiffs alleged only that they were regularly required to work in excess of forty hours a week but not compensated at an overtime rate. Id., at **2-3. The court

6

held these allegations are "only conclusory – and thus insufficient – allegations" to state a plausible claim for unpaid overtime under the FLSA. *Id.*, at *11. See also *Rittman v. Amazon.com, Inc.*, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (allegation that plaintiff "regularly worked in excess of 40 hours per week for Amazon from the period January through June of 2016 but was not been paid [sic] one-and-a-half times his regular rate for any overtime hours" insufficient); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007-08 (N.D. Cal. 2016) (conclusory allegations that plaintiffs "regularly" or "regularly and consistently" worked more than 40 hours per week without proper compensation are insufficient). Likewise, in *Peterson v. M.J.J., Inc.*, 2017 U.S. Dist. LEXIS 148908, at **11-12 (D. Md. Sept. 13, 2017), the court held that a plaintiff cannot satisfy the FLSA pleading requirements by simply stating he "regularly worked over forty hours a week" without overtime payment. Such a statement of the bare elements of a cause of action, the court concluded, amounts to a legal conclusion and fails to satisfy the *Iqbal-Twombly* standard. *Id.* at *12.

In *Aguirre v. Aaron's, Inc.*, 2017 U.S. Dist. LEXIS 146710, at *2 (S.D. Cal. Sept. 11, 2017), the court held to survive dismissal under Rule 12(b)(6), the complaint must plead the essential facts that support the legal theory – merely stating a cognizable legal theory alone is insufficient. Under this standard, when asserting a violation of the FLSA, a plaintiff must allege, at a minimum, at least one workweek when he worked in excess of forty hours and was not paid for the excess, or paid less than his regular wages. *Id.* at *5. Likewise, in *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011), the court held "plaintiffs must provide at least some approximation of the overtime hours that defendants required them to work" and allegations that plaintiffs "regularly" worked hours "in excess of forty" hours per week fail to satisfy that burden. Similarly, *Deleon v. Time Warner Cable LLC*,

7

2009 U.S. Dist. LEXIS 74345, at *6 (C.D. Cal. July 17, 2009), the court dismissed a complaint that merely alleged plaintiff and class members "consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week." *See also Anderson v. Blockbuster Inc.*, 2010 U.S. Dist. LEXIS 53854, at **6-7 (E.D. Cal. May 4, 2010) (allegations that plaintiff and class members "consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and defendants "willfully failed to pay all overtime," are "no more than conclusions" and "not entitled to the assumption of truth").

Finally, the court in *Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312, 1321-22 (N.D. Ala. 2017), held that plaintiffs must allege facts as to the nature of the "work" allegedly performed to state a plausible claim that the time is actually compensable or not *de minimus*. *See also Cooley v. HMR of Ala., Inc.*, 2018 U.S. Dist. LEXIS 9319, at **8-12 (N.D. Ala. Jan. 22, 2018) (dismissing complaint for failing to allege facts to support conclusion that time "worked" was compensable).

### C. The Complaint Must Be Dismissed Because It Fails To Plead Facts Showing A Plausible FLSA Claim For Unpaid Wages

In this case, Plaintiffs merely recite the FLSA's statutory language and make conclusory assertions devoid of factual support. They fail to plead any *facts* to set forth a plausible claim for violation of the FLSA, such as (1) the nature of the alleged "work" performed without compensation; (2) their hourly rate(s); (3) any week(s) during an applicable limitations period in which they actually performed work; (4) the week(s) during an applicable limitations period in which they worked more than forty hours; (5) the number of hours (or even an estimate of hours) they worked in any given workweek(s) during an applicable limitations period; or (6) the number (or even an estimate) of unpaid hours or amounts they are owed. Moreover, Plaintiffs' collective

8

action allegations provide no more specificity, but merely allege that on information and belief BMHCC refused to properly compensate similarly situated employees. (Doc. 1 ¶13.) *See Smith v. Smith,* 2016 U.S. Dist. LEXIS 121173, at *10, n.4 (E.D. Tenn. Sept. 8, 2016) ("allegations made on information and belief ... are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency").

### III. CONCLUSION

Under any formulation of the standard applicable to FLSA unpaid wage claims, Plaintiffs failed to plead sufficient (or any) facts to show they have a plausible claim for recovery. Accordingly, for the reasons set forth above, the Court should grant BMHCC's motion and dismiss the Complaint.

Respectfully submitted,

*/s/ Steven W. Likens*
Steven W. Likens
(Miss. Bar No. 100271)
Littler Mendelson, P.C.
3725 Champion Hills Drive
Suite 3000
Memphis, Tennessee 38125
Phone: (901) 795-6695
pprather@littler.com
slikens@littler.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 6, 2018, a true and correct copy of the foregoing Memorandum of Facts and Law in Support of Defendant's Motion to Dismiss was filed via the Court's Case Management/Electronic Case Filing system, which will contemporaneously serve electronic notice of filing on:

James D. Harper
Attorney for Plaintiffs
800 College Hill Road
Suite 5201
P.O. Box 3150
Oxford, Mississippi 38655
james@harperwhitwell.com

              */s/ Steven W. Likens*