IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRISTOPHER ELLIS, ROBERT SCHMITZ,           PLAINTIFFS
and GREGORY SUBECK, on behalf of
themselves and all others similarly situated

V.           CIVIL ACTION NO. 3:18-CV-73-SA-JMV

BAPTIST MEMORIAL HEALTH CARE
CORPORATION           DEFENDANT

ORDER

Christopher Ellis, Robert Schmitz, and Gregory Subeck, on behalf of themselves and all others similarly situated, filed their Complaint [1] against Baptist Memorial Health Care Corporation in this Court on March 26, 2018, alleging violations of the Fair Labor Standards Act. Now before the Court is the Plaintiffs' Motion [6] to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA") as provided for by 29 U.S.C. § 216(b).

*Factual and Procedural Background*

The Plaintiffs were employed at the Defendant's Oxford, Mississippi location from January 1, 2015, through November 2017.[1] The Plaintiffs operated as emergency medical teams which consisted of a combination of emergency medical service drivers, emergency medical technicians, and paramedics. Throughout their employment, the Plaintiffs were employed for workweeks in excess of forty hours. During this time, the Plaintiffs worked either, two twenty-four hour shifts a workweek, or, four twelve-hour shifts a workweek — resulting in the Plaintiffs working either two or six hours of overtime in a given workweek, depending on their scheduled shift. The Plaintiffs allege that the Defendant did not compensate them for the total overtime worked during the relevant time period.[2]

---

[1] The Plaintiffs' employment ended once the Defendant began contracting with a third party to obtain the services previously provided by the Plaintiffs.
[2] The backpay calculations will differ for each Plaintiff only because of the specific schedules and hours work, the amount of any other overtime compensation paid by the Defendant, and the regular rate and overtime pay for the Plaintiffs. In

On April 5, 2018, the Plaintiffs' filed a Motion [6] for conditional certification of the collective action. The Plaintiffs assert that the Defendant maintains a policy that it will not compensate the Plaintiffs for unpaid overtime hours unless the Plaintiffs show they were out on a call, in the ambulance, or performing some other job duty described by the Defendant because the Defendant characterizes the unpaid hours as "downtime." Due to this policy, the Plaintiffs claim that they were often discouraged from challenging or requesting the payment of unpaid hours. The Plaintiffs now request that the Court conditionally certify this FLSA action as a collective action and provide notice to potential plaintiffs, indicating that potential plaintiffs may be found at the Defendant's Oxford, New Albany, Calhoun City, and/or Columbus locations.

*FLSA Legal Standard*

Under § 207(a) of the FLSA, covered employers are required to pay nonexempt employees an overtime rate of one and one-half times their regular pay rate for hours worked over forty hours in a workweek. 29 U.S.C. § 207(a). Section 216(b) "provides that an employee may bring an action to recover damages for specified violations of the Act on behalf of himself and other 'similarly situated' employees." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). While the Fifth Circuit has declined to set a standard for certifying a collective action, it has affirmed district court decisions utilizing the two-stage certification process set forth in *Lusardi v. Xerox Corp.*, 118 F. R. D. 351 (D.N.J. 1987). *Portillo v. Permanent Workers, L.L.C.*, 662 Fed. Appx. 277, 280 (5th Cir. 2016). *Lusardi* advises a two-step certification analysis: (1) the notice stage and (2) the merits, or "opt in," stage.[3]

---

support of their Motion, the Plaintiffs include the following information: Christopher Ellis was employed as an emergency medical technician for five years with an hourly rate of $12.50 per hour. Robert Schmitz was employed as a paramedic for five years with an hourly rate of $23.22 per hour. Gregory Surbeck was employed as a paramedic for three years with an hourly rate of $16.97 per hour.

[3] "The merits stage typically occurs after discovery is mostly complete and upon motion by the defendant." *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 615 (S.D. Miss. Jun. 2, 2015) (quoting *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. Sep. 30, 2011).

In the notice stage, the Court determines whether a conditional class should be certified. This first step requires a plaintiff to show that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exits, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. Oct. 31, 2012). While District Courts have broad discretion to certify a class and issue orders authorizing notice to potential plaintiffs, because "the court's decision at this stage is based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification." *Id.*; see also *Birdie v. Brandi's Hope Community Services, LLC*, No. 5:17-CV-21-DCB, 2017 WL 2588089, *1 (S.D. Miss. Jun. 14, 2017) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); *Burke v. Management & Training Corp.*, No. 3:16-CV-152-NBB, 2017 WL 316684, *2 (N.D. Miss. Jul. 25, 2017) (citing *Harris v. Hinds County, Miss.*, No. 3:12-CV-542-CWR, 2014 WL 457913, *2 (S.D. Miss. Feb. 4, 2014).

During the notice stage of litigation, it is "not the role of this Court to resolve factual disputes over the merits of the claims." *Huaman v. Ojos Locos Sports Cantina LLC*, No. 3:13-CV-4938, 2014 WL 4081554, *4 (N.D. Tex. Aug. 19, 2014).[4] Indeed, at this stage, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Tzib v. Moore Feed Store, Inc.*, No. 3:14-CV-65-MPM, 2015 WL 2415530, *3 (N.D. Miss. May 21, 2015) (citing *Mooney v. Aramco Servs. Co.*, 54 F. 3d 1207, 1214, n. 8 (5th Cir. 1995) (internal quotations omitted). In support thereof, "[a] factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency."

---

[4] Only at the second stage, at the close of discovery, does the Court make a factual determination as to whether the class members are similarly situated. *Mooney*, 54 F. 3d at 1214.

*Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. May 26, 2010). If the Plaintiffs make such a showing, "the Court may certify the class and facilitate notice to potential class members." *Birdie*, 2017 WL 2588089, at *2 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

*Conditional Certification Analysis*

The Plaintiffs request that the Court conditionally certify a representational class, described as:

> Persons who are, or were, employed by Defendant and who are, or were, performing the duties of emergency medical service drivers, emergency medical technicians, or paramedics at its Oxford, New Albany, Calhoun City, or Columbus locations in Mississippi from January 1, 2015, to the date of this collective action certification.

The Defendants oppose this Motion [6] for conditional certification on two grounds. First, the Defendant argues that Baptist Memorial Health Care Corporation did not employ the Plaintiffs or emergency services personnel at the identified facilities, as BMHCC provided only payroll processing services to the related entities. The Defendant asserts that because the Plaintiffs were employed by Baptist Memorial Heath – North Mississippi, and not BMHCC, the Motion for conditional certification must be denied.

Next, the Defendant argues that the Plaintiffs failed to present evidence of a decision, policy or plan that applied across the class they seek to represent. Instead of presenting substantial allegations that the Plaintiffs were together victims of a single decision, policy, or plan, as required for conditional certification, the Defendant argues that the Plaintiffs provide mere speculation that any employee at other locations were not compensated properly. *See Tzib*, 2015 WL 2415530, at *3 (citing *Mooney*, 54 F.3d at 1214, n. 8 (internal quotations omitted) (courts require substantial allegations that the putative class members were similarly situated).

During the notice stage of the conditional certification analysis, however, it is "not the role of this Court to resolve factual disputes over the merits of the claims," as the disposition of these arguments is irrelevant in determining whether the Plaintiffs have made a showing that there are

4

similarly situated employees who want to opt-in to this collective. *Huaman v. Ojos Locos Sports Cantina LLC*, 2014 WL 4081554, at *4; *Morales v. Thang Hung Corp.*, No. 4:08-CV-2795, 2009 WL 2524601, *3 (S.D. Tex. Aug. 14, 2009). Instead, "this information [submitted by the Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier." *Harris v. Hinds County, Miss.*, 3:12-CV-542-CWR, 2014 WL 457913, *6 (N.D. Miss. Feb. 4, 2014) (citation omitted). At this stage of the litigation, it is premature for the Court to make a finding of fact on the merits. *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 767 (N.D. Tex. Oct. 30, 2013).

Indeed, the only question before the Court during this conditional stage is whether the Plaintiffs have met their low burden by showing: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exits, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d at 861.

I. Reasonable basis for crediting assertions that other aggrieved individuals exist

In determining whether a reasonable basis exists, courts may look to whether the employees performed similar duties, worked similar hours, and were compensated under the same plan. *Cruz v. Conocophillips*, 208 F. Supp. 3d 811, 816 (S.D. Tex. Sep. 23, 2016). In support of their case, the Plaintiffs rely on the allegations contained in their First Amended Complaint [6] as well as the affidavits of all named Plaintiffs to establish that there is a group of similarly situated individuals entitled to receive notice. *See Walker v. Hongua America, LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. May 7, 2012) (finding the affidavits submitted by the named Plaintiffs sufficient to demonstrate a reasonable basis for crediting Plaintiffs' assertion that other aggrieved individuals exist).

In their Amended Complaint, the Plaintiffs allege that the potential class exceeds fifty employees. In support of their claim, each Plaintiff provided an affidavit, which were identical in language, stating that they have reason to believe that other emergency medical service drivers, emergency medical technicians, or paramedics employed by the Defendant have not been paid proper overtime during the relevant period. Finally, the Plaintiffs state in their affidavits that they worked for the Defendant until their employment ended in 2017 and that they were not paid proper overtime wages due to a company-wide policy.

Considering the information provided in the Amended Complaint and the Plaintiffs' affidavits, the Court finds that the Plaintiffs have met their low burden at this stage, as they have shown that it is reasonable to believe that there are other aggrieved employees. *See e.g. Roberts v. S.B. Southern Welding, L.L.C.*, 140 F. Supp. 3d 601, 606-606 (N.D. Tex. Oct. 21, 2015); see also *Tolentino*, 716 F. Supp. 2d at 649. Therefore, this factor weighs in favor of conditional certification.

II. Aggrieved individuals are similarly situated

To be entitled to conditional certification at this preliminary stage of the litigation, the Plaintiffs must show that they are similarly situated to the proposed class members. A class of plaintiffs can be conditionally certified for notice despite some diversity among the members. *Eberline v. Media Net LLC*, No. 1:13-CV-100-LG, 2013 WL 11609929 (S.D. Miss. Oct. 24, 2013). The positions compared "need not be identical, but similar" with respect to their "job requirements and with regard to their pay provisions." *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776, 2004 WL 2293842 (N.D. Tex. Oct. 2007).

The Plaintiffs operated in emergency medical teams — specifically, Schmitz and Surbeck were employed as paramedics and Ellis was employed as an EMT. The Plaintiffs seek to conditionally certify a class formed of other emergency medical service drivers, emergency medical technicians, or

6

paramedics. Based on the inherent nature of the work, the Court finds that the duties of the Plaintiffs and the potential plaintiffs are similar enough to meet the low burden at this stage. *See Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 918-18 (S.D. Tex. Nov. 3, 2010) ("The relevant inquiry at the notice stage is whether the potential class members performed the same basic tasks and were subject to the same pay practices.") (internal brackets and citation omitted). Further, while the hourly rates were not identical, the difference in pay is not significant and does not weigh against conditional certification of the class.

Given the similar job requirements and pay provisions of the Plaintiffs and the class they seek to certify, the Court finds that the aggrieved individuals are similarly situated. *See Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d at 918-18 ("It is not apparent that any differences between the two teams are relevant or make the jobs so dissimilar as to deny collective action."). A court can authorize certification if it finds "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." *Salinas-Rodriguez v. Alpha Servs.*, LLC., No. 3:05-CV-440-WHB, 2005 WL 3557178, *3 (S.D. Miss. Dec. 27, 2005) (citation omitted). Therefore, having found a binding factual nexus, this factor weighs in favor of conditional certification.

III.    Individuals want to opt-in to the lawsuit

The Plaintiffs submitted individual affidavits, stating that they personally have reason to believe that other employees have not been paid overtime. Additionally, in their Amended Complaint, the Plaintiffs indicate that at least fifty employees could be entitled to compensation through this action. Even though the Plaintiffs failed to provide specific evidence that other individuals desire to opt-in to the lawsuit, such as providing affidavits from potential plaintiffs, under this first stage "the plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees who

were subject to an allegedly unlawful policy or plan." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. at 862.

While "[a]ffidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy, or plan[,]" such affidavits are not required. *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, *9 (S.D. Tex. Jan. 24, 2007). "The best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in. Indeed, requiring that multiple potential class members affirm their intention to join the suit before notice is issued would require plaintiffs or their counsel to solicit opt-in plaintiffs without the benefit of court-approved notice — which defeats the purpose of this stage of litigation." *Harris v. Hinds County, Miss.*, No. 3:12-CV-542-CWR, 2014 WL 457913, *3 (S.D. Miss. Feb. 4, 2014); citing *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

Considering the low burden at the conditional stage and the information provided by the Plaintiffs, the Court finds it unnecessary at this stage to require affidavits from potential class members. *See e.g. Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at *9 (the Fifth Circuit has not addressed this factor). Based on the facts provided and the case law surrounding this issue, the Court finds that there is reasonable belief that other aggrieved employees were subject to the same overtime policy as the Plaintiffs, therefore meeting their low burden. *Harris v. Hinds County, Miss.*, 2014 WL 457913, at *3. Thus, this factor weighs in favor of conditional certification.

IV. Whether Conditional Certification is warranted

Utilizing the "fairly lenient" standard applied at this conditional stage of litigation, the Court is persuaded that the Plaintiffs' Motion [6] for conditional certification should be granted. The Court emphasizes that, at this early stage, the record is incomplete, and the Court is not currently making a

definitive determination as to whether the putative class members are similarly situated. Indeed, the sole consequence of conditional certification is the sending of court-approved written notice to employees, who may then choose to become a party to the collective action by filing written consent with the Court. *See* 29 U.S.C. § 216(b); see also *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. at 75, 133 S. Ct. 1523. After initial discovery has been conducted, and potential opt-in plaintiffs file their notices of consent, the Court will consider any decertification motion filed by the Defendant. Nevertheless, the Court will allow notices to be sent, as the remedial nature of the FLSA and § 216 "militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Intern. Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. Jul. 9, 2008). Therefore, the collective action may be conditionally certified as described above.

*Conclusion*

For the reasons set out above, the Plaintiffs have provided a sufficient factual basis to conditionally certify the collective action under Section 216(b). The Plaintiffs' Motion [6] to conditionally certify a collective action is GRANTED. A separate order setting forth the procedure for the facilitation of notice shall issue from the Court this same day.

SO ORDERED this the 27th day of February, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE