**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| CHRISTOPHER ELLIS, ROBERT L. SCHMITZ, AND GREGORY SURBECK, on behalf of themselves and others similarly-situated, | PLAINTIFFS |
| v. | Case No. 3:18-cv-00073-SA-JMV |
| BAPTIST MEMORIAL HEALTH CARE CORPORATION | DEFENDANT |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CERTIFY THE COURT'S JANUARY 27, 2021, ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. 1292(B)**

Pursuant to 28 U.S.C. § 1292(b), Defendant Baptist Memorial Health Care Corporation ("BMHCC") respectfully requests that the Court certify for interlocutory appeal its January 27, 2021, decision regarding whether, under 29 U.S.C. § 213(b)(1), the Motor Carrier Act exemption applies to exempt ambulance workers from the Fair Labor Standards Act ("FLSA") overtime requirements. In support of its Motion, BMHCC states as follows:

**I.    INTRODUCTION**

On January 27, 2021, the Court issued an Order denying BMHCC's Motion for Summary Judgment. (ECF 159.) The decision was premised on the Court's view that the 29 U.S.C. § 213(b)(1) is ambiguous because courts have reached contradictory conclusions as to the application of the exemption to ambulance workers. (*Id.* at PageID 1365.) Accordingly, in giving deference to agency interpretation, the Court held that the MCA exemption does not apply and the FLSA's overtime provisions apply to ambulance workers. (*Id.* at PageID 1368.)

Because there is a split among the courts of appeals regarding whether the MCA exemption applies to ambulance workers, and this issue is determinative of whether the Plaintiffs' action may

proceed under the FLSA or whether 29 U.S.C. § 213(b)(1) exempts their claims, BMHCC respectfully asks the Court to certify this issue of law to the Court of Appeals for the Fifth Circuit for interlocutory appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit is a putative collective action under the FLSA in which Plaintiffs Christopher Ellis, Robert L. Schmitz, and Gregory Surbeck claim, on behalf of themselves and others allegedly similarly-situated, that BMHCC failed to pay ambulance workers for all hours worked, and thus has violated the overtime provisions of the FLSA. (ECF No. 1.) Each named plaintiff—and every one of the 12 opt-in plaintiffs deposed in this matter—drove ambulances with gross vehicle weight ratings in excess of 10,001 pounds on public highways and made interstate transports of patients as part of their duties. *See* Ellis Dep., ECF No. 140-1 at 12:1–7, 14:3–7; Surbeck Dep., ECF No. 140-2 at 18:20–19:11, 23:1–12; Schmitz Dep., ECF No. 140-3 at 16:4–8, 16:9–10; Connor Decl., ECF No. 140-4 at ¶¶ 3–4 and Ex. 1. *See also, e.g.*, Griffin Dep., ECF No. 140-5 at 12:2–13:16; Worsham Dep., ECF No. 140-6 at 17:22–18:12, 29:15–31:13; Labonte Dep., ECF No. 140-7 at 19:24–21:6; 23:25–24:3; Dix Dep., ECF No. 140-8 at 20:11–21:25, 24:20–25:13; J. Smith Dep., ECF No. 140-9 at 34:15–37:2; 42:1–43:12; M. Smith Dep., ECF No. 140-10 at 51:10–22.

On October 10, 2020, BMHCC moved for Summary Judgment on the ground that Plaintiffs are all exempt pursuant to 29 U.S.C. § 213(b)(1) from the FLSA's overtime requirements. (ECF No. 140.) On January 27, 2021, the Court issued a decision denying BMHCC's Motion for summary judgment, holding that 29 U.S.C. § 213(b)(1) does not apply to Plaintiffs engaged in providing ambulance services. (ECF No. 159 at PageID 1365.) As the Court has acknowledged, the courts of appeals are currently split on this issue, as the Sixth Circuit has held that the MCA exempts ambulance workers from the FLSA's provisions, and the Ninth and Eleventh Circuits have reached contrary conclusions. (*Id.* at 1361–64.) The Fifth Circuit has not addressed the issue.

BMHCC now asks the Court to certify the discrete issue of whether, under 29 U.S.C. § 213(b)(1), the Motor Carrier Act exemption applies to exempt ambulance workers from the FLSA's overtime provisions.

## III. ARGUMENT

### A. Legal Standard

District judges have discretion under 28 U.S.C. § 1292(b) to certify their orders for interlocutory appeal when the following conditions are met:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such an order.

28 U.S.C. § 1292(b). Thus, to certify an interlocutory appeal under § 1292(b), the district court must determine that the order "(1) involves a controlling question of law; (2) for which there is substantial ground for difference of opinion; and (3) which may materially advance the ultimate termination of the litigation if appealed immediately." *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 227 (2014) (citing 28 U.S.C. § 1292(b)). While the district judge must certify that the order satisfies the three criteria, the Circuit Court's grant of permission to appeal is discretionary. *Alvarez v. Midland Cre. Mgmt.*, 585 F.3d 890, 894 (5th Cir. 2009) (citing *Patterson v. Dean Morris, LLP*, 444 F.3d 365, 369 (5th Cir. 2006)).

Each of the three preconditions for interlocutory appeal is satisfied here: (1) the order involves a controlling question of law that is dispositive of the Plaintiffs' claims; (2) there is substantial ground for a difference of opinion; and (3) immediate appeal would promote judicial economy and materially advance the ultimate termination of the litigation by setting the proper standard for determining whether the FLSA's overtime requirements apply to ambulance workers.

3

B. **The Interpretation of the Applicability of the Fair Labor Standards Act's Motor Carrier Act Exemption to Ambulance Workers is a Controlling Question of Law**

An order involves a controlling question of law, "if, on appeal, a determination that the decision contained an error would lead to a reversal." *Thompson v. N. Miss. Spine Ctr., Inc.*, No. 3:16-CV-00063-NBB, 2017 WL 1226058, at *1 (N.D. Miss. Mar. 30, 2017) (citing *Patrick v. Dell Fin. Servs., Inc.*, 366 B.R. 378, 385 (M.D. Pa. 2007)). "In the interlocutory-appeal context, '[t]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Id.* (citing *In re Royce Homes, LP*, 466 B.R. 81 (S.D. Tex. 2012)). Here, if the Fifth Circuit finds the MCA exemption applies to ambulance workers, summary judgment is appropriate as to the named plaintiffs and the opt-in plaintiffs who have admitted that their work satisfies the prerequisites for the MCA exemption.[1]

While the Court stated that summary judgment would have been inappropriate even if it had found § 213(b)(1) is unambiguous, reasoning that genuine issues of material fact would remain as to whether a substantial part of the Plaintiffs' work affected interstate commerce, the test is based on the character of the duties, not a determination of the time spent on those duties. (ECF No. 159 at PageID 1369.) Determining whether an employee is engaged in commerce requires the Court's consideration of "the character of the activities rather than the proportion of either the employee's time or of his activities that determines the actual need for the [Secretary's] power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety

---

[1] What is more, if summary judgment is appropriate for the named plaintiffs, the class must be decertified because they cannot lawfully act as representatives of anyone else whose claims might not fall within the MCA exemption. *Burke v. Management and Training Corp.*, No. 3:16-cv-00153-NBB-JMV, 2018 U.S. Dist. LEXIS 143266, *4 (N.D. Miss. Aug. 22, 2018); *see also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 878 (6th Cir. 2012) ("[W]ithout a viable claim, White cannot represent others whom she alleged were similarly situated. . . . Since White cannot meet her burden that she is similarly situated to the opt-in plaintiffs because her FLSA claims were dismissed, decertification was proper.").

operation and equipment." *See Villegas v. Dependable Constr. Servs., Inc.*, No. 4:07-cv-2165, 2008 U.S. Dist. LEXIS 98801, at *24 (S.D. Tex. Dec. 8, 2008) (citing *Barefoot v. Mid-America Dairymen, Inc.*, 16 F.3d 1216 (5th Cir. 1994) (unpublished)).

The bar for the "substantial part" analysis is low, and the Plaintiffs need not travel state to state or on public highways on a regular basis, so long as they can reasonably expect to do so in the course of their duties. *See, e.g.*, *Rychorcewicz v. Welltec, Inc.*, 768 F. App'x 252, 256 (5th Cir. 2019) (finding that the MCA exemption applied to an oil company's field engineers who regularly drove to basis in other states in the course of their position); *Fonseca v. Alltour Am. Transp., Inc.*, 750 F. App'x 883, 886 (11th Cir. 2018) (MCA exemption applies to airport shuttle drivers who *reasonably expect* they might be called upon to engage in interstate commerce) (citing to *Morris v. McComb*, 332 U.S. 422 (1947) (holding that drivers who transport freight fall within the MCA exemption even where only 3.65% of their trips involve interstate transit for business making up only 4% of the company's revenue and the employees were prepared, at any time, to engage in interstate commerce)); *Alexander v. Tutle & Tutle Trucking, Inc.*, 834 F.3d 866, 869 (8th Cir. 2016) (finding it irrelevant that no plaintiff had driven interstate during the relevant time where other employees were often assigned to do so and all had a *reasonable expectation* of such assignment); *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 874 (3d Cir. 2015) (exemption applies to employees who "reasonably could have expected to drive interstate, which we answer by 'look[ing] at,' among other things, 'whether [the employer] does any interstate work,' 'assigns drivers randomly to that driving,' and maintains a 'company policy and activity' of interstate driving"); *Berry v. Best Transp., Inc.*, No. 4:16-cv-00473-JAR, 2018 U.S. Dist. LEXIS 217879, at *9 (E.D. Mo. Mar. 29, 2018) (applying standard that looks at the driver's reasonable expectation to be assigned to an interstate trip); *In re Two Men & a Truck Litig.*, No. 5:16-cv-05255, 2017 U.S. Dist. LEXIS 26017,

5

at *14–15 (W.D. Ark. Feb. 24, 2017) (holding that plaintiff's still qualify under the MCA exemption due to the character of their work, even if they received only informal, periodic, or even minimal motor vehicle safety training).

The overwhelming weight of authority makes clear that the "substantial part" analysis is qualitative, not quantitative. The Plaintiffs here, by the very nature of their work, were engaged in the transport of patients between a place in a state and place in another state and/or on public highways, and could reasonably expect to do so at any time should a call arise; that fact is undisputed. *See* ECF No. 142 at PageID 648–50.

For these reasons, resolving this issue now would spare both the Court and the parties the cost and time of proceeding through a lengthy and expensive trial. Because the issue of whether the MCA exemption applies to exempt Plaintiffs' claims under the FLSA in the first place is determinative of Plaintiffs' claims, the first prong of the analysis for certification is satisfied.

### C. Reasonable Jurists Disagree About the Court's Interpretation of the FLSA's Motor Carrier Act Exemption to Ambulance Workers

Whether the MCA exemption applies to ambulance workers presents substantial ground for a difference of opinion. Courts find substantial ground for difference of opinion: "(1) when a trial court rules in a manner contrary to the rulings of all Courts of Appeals which have addressed the issue; (2) when the circuits are in dispute on the questions and the Court of Appeals of the circuit has not addressed the issue; (3) when complicated questions arise under foreign law; (4) when novel and difficult questions of first impression are presented." *Thompson*, 2017 WL 1226058, at *2 (citing *In re Central La. Grain Coop., Inc.*, 489 B.R. 403 (W.D. La. 2013)). In other words, "a substantial ground for difference of opinion exists if there is a 'genuine doubt as to the correct legal standard to be applied." *Warder v. Shaw Grp., Inc.*, No. 2:09-cv-04191-HGB-DEK, 2014 WL 3700920, at *3 (E.D. La. July 24, 2014).

As the Court acknowledged in its Order, the Circuits are split on the question of whether the MCA exemption applies to ambulance workers and the Fifth Circuit has not addressed the issue. The Sixth Circuit has held that the MCA exempts ambulance workers from FLSA overtime requirements because they are employees "with respect to whom the Secretary of Transportation has *power* to establish maximum hours of service." *Benson v. Universal Ambulance Serv., Inc.*, 675 F.2d 783, 785 (6th Cir. 1982). The Ninth and Eleventh Circuits, on the other hand, have held that ambulance workers are subject to the FLSA's overtime requirements. *See Jones v. Giles*, 741 F.2d 245 (9th Cir. 1984); *Spires v. Ben Hill Cty.*, 980 F.2d 683 (11th Cir. 1993).

This split in authority and the lack of controlling Fifth Circuit law on the issue constitutes substantial grounds for a difference of opinion. As such, the Court should certify an interlocutory appeal under § 1292(b).

### D.   Certification for Interlocutory Appeal Will Promote Judicial Economy and Materially Advance the Litigation's Ultimate Termination

Finally, the Court should certify its Order for interlocutory appeal because resolving more definitively this dispositive issue will promote judicial economy in advancing the litigation's ultimate termination. Indeed, the "institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b)." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (quoting *Strougo v. Scudder, Stevens Clark, Inc.*, No. 96 CIV. 2136 (RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997)). Interlocutory appeals are therefore reserved for "those cases where an intermediate appeal may avoid protracted litigation," *Koehler v. Bank of Bermuda Ltd.* 101 F.3d 863, 865–66 (2d Cir. 1996) (citing *Milbert v. Bison Labs.*, 260 F.2d 431, 433–35 (3d Cir. 1958)).

As explained more fully above, the question of whether the MCA applies to ambulance workers is determinative of the Plaintiffs' claims. If the Fifth Circuit determines that the FLSA's

7

MCA exemption covers ambulance workers, the decision will eliminate the need for a trial because the FLSA overtime requirements will be inapplicable to the named Plaintiffs and others who have admitted that their work included interstate activities driving vehicles subject to regulation under the Motor Carrier Act. Absent such a decision, evaluation of these issues and the defenses applicable to each will likely require individualized proof regarding each of the 43 individual plaintiffs in this case. Accordingly, the Court would benefit from the Fifth Circuit's immediate resolution of this issue, rather than requiring the parties to continue engaging in protracted litigation and a lengthy trial prior to appeal, when an immediate appeal could avoid the need for trial.

The Court should not be required to empanel a jury to adjudicate overtime compensation claims for ambulance workers under the FLSA if, ultimately, the Fifth Circuit's resolution of this discrete issue of law could obviate the Plaintiffs' claims on the ground that Plaintiffs are exempt from the FLSA's overtime provisions. Accordingly, certifying this issue to the Fifth Circuit would promote judicial economy and avoid unnecessary litigation where termination of the matter may otherwise be hastened.

## IV. CONCLUSION

The Court's conclusion that the FLSA's MCA exemption does not apply to ambulance workers is suitable for interlocutory appeal. Because the Court's January 27, 2021, decision adjudicated a controlling question of law that provides substantial grounds for differences of legal opinion and immediate appeal of the decision would promote judicial economy, BMHCC respectfully requests that the Court certify the issue of the applicability of the MCA exemption to the FLSA's overtime requirements for ambulance workers for interlocutory appeal to the Fifth Circuit. Specifically, BMHCC respectfully requests that the Court enter a separate or amended order specifying, in accordance with 28 U.S.C. § 1292(b), that the Court is "of the opinion that its

January 27, 2021 Order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."

                                          Respectfully submitted,

                                          */s/ Matthew G. Gallagher*
                                          Matthew G. Gallagher (MS Bar No. 103159)
                                          Paul E. Prather (TN Bar No. 10089)
                                              *Admitted Pro Hac Vice*
                                          Littler Mendelson, P.C.
                                          3725 Champion Hills Drive, Suite 3000
                                          Memphis, TN 38125
                                          Telephone: (901) 795-6695
                                          Email: mgallagher@littler.com

                                          Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing has been served, via the Court's electronic case filing system on this, the 4th day of February, 2021, upon the following:

James D. Harper
Harper Little, PLLC
800 College Hill Road, Suite 5201
P.O. Box 3150
Oxford, MS 38655
Telephone: (662) 234-0320
Facsimile (662) 259-8464
Email: james@harperlittlelaw.com

                                          */s/ Matthew G. Gallagher*