IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRISTOPHER ELLIS, ROBERT SCHMITZ,                                                 PLAINTIFFS
and GREGORY SURBECK, on behalf of
themselves and all others similarly situated

V.                                              CIVIL ACTION NO. 3:18-CV-73-SA-JMV

BAPTIST MEMORIAL HEALTH CARE
CORPORATION                                                                     DEFENDANT

### ORDER

Christopher Ellis, Robert Schmitz, and Gregory Surbeck, on behalf of themselves and all others similarly situated, filed their Complaint [1] against Baptist Memorial Health Care Corporation in this Court on March 26, 2018, alleging violations of the Fair Labor Standards Act.

*Factual and Procedural Background*

The named Plaintiffs were formerly employed by the Defendant at its Oxford, Mississippi location from January 2015 through November 2017.[1] They operated as emergency medical teams consisting of a combination of emergency medical service drivers, emergency medical technicians, and paramedics. The Plaintiffs generally worked either two 24-hour shifts per workweek or four 12-hour shifts per workweek. Regardless of the specific shifts the Plaintiffs worked, they allege that the Defendant failed to compensate them for the total 48 hours worked each week. Therefore, they argue that they were not properly paid for the overtime hours they worked during the relevant time period, allegedly in violation of the FLSA.

On April 5, 2018, the Plaintiffs filed a Motion [6] for conditional certification of the collective action, asserting that the Defendant maintains an unlawful policy of refusing to

---

[1] The Plaintiffs' employment ended once the Defendant began contracting with a third party to obtain the services previously provided by the Plaintiffs.

compensate the Plaintiffs for certain overtime hours unless the Plaintiffs show they were out on a call, in the ambulance, or performing some other job duty described by the Defendant because the Defendant characterizes the unpaid hours as "down time." The Plaintiffs claim they were often discouraged from challenging or requesting the payment of certain hours. On February 27, 2019, this Court entered an Order [41] granting the Plaintiffs' request for conditional certification. The Court then entered a supplemental Order [48] approving the Plaintiffs' notice form and allowing them to notify potential opt-in Plaintiffs. The docket reflects that 42 opt-in Plaintiffs were then found at the Defendant's Oxford, New Albany, Calhoun City, and Columbus locations. The Defendant later filed a Motion [138] to decertify the collective action and a Motion [140] for Summary Judgment. On January 27, 2021, this Court entered an Order [159] denying the Motion for Summary Judgment and an Order [160] denying the Motion for Decertification.

The parties reached a settlement in this case at a settlement conference held before Magistrate Judge Virden on February 19, 2021. The parties have since submitted the present Motion [173] in which they seek court approval of their proposed settlement and a dismissal *with prejudice* of the Plaintiffs' claims. The parties have submitted their proposed settlement agreement to this court for *in camera* review.[2]

*Analysis*

Under § 207(a) of the FLSA, covered employers are required to pay nonexempt employees an overtime rate of at least one and one-half times their regular pay rate for hours worked over forty hours in a workweek. 29 U.S.C. § 207(a). Employers who violate this overtime provision are liable to the affected employees for the amount they were not paid of overtime wages as well as

---

[2] The parties have requested that the terms in the documents submitted to the Court remain confidential. Case law does not require public disclosure of such information. Therefore, the Court sees no need to depart from the Plaintiffs' request, and such information will remain confidential.

for liquidated damages. 29 U.S.C. § 216(b). An individual cannot waive their rights under the FLSA. *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 257 (5th Cir. 2012). Typically, the Court must review and approve FLSA settlements. *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847 at *1 (E.D. Tex. Oct. 14, 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354) (11th Cir. 1982)). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, the Court must determine (1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Lee v. Metrocare Services*, 2015 WL 13729679 at *1 (N.D. Tex. July 1, 2015) (internal citations omitted).

I. *Bona Fide Dispute*

First, the Court must determine whether there was a bona fide dispute as it pertained to FLSA provisions. *Id*. "The primary focus of this inquiry is not on due process concerns, as would be the case in a Rule 23 class action, but rather on ensuring that the employer is not taking advantage of the employees." *Id*. at *2 (internal citation omitted). "The presence of an adversarial lawsuit is…insufficient to satisfy the bona fide dispute requirement; there must also be some doubt regarding whether the plaintiffs will succeed on the merits." *Id*. (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)).

Here, the parties argue that there was a bona fide dispute for several reasons. First, the Defendant asserts that it could not be held liable to the Plaintiffs because it was the corporate parent of the Plaintiffs' employer and not the Plaintiffs' actual employer, it did not have the authority to hire or fire the Plaintiffs, and it did not have the authority to establish a pay practice or policy regarding the Plaintiffs' employment. Second, the Defendant asserts that the Motor

3

Carrier Act exemption, as opposed to the FLSA, governs the Plaintiffs' claims.[3] Third, the Defendant asserts that all or part of the Plaintiffs' time was "down time" and thus was not compensable because they were not interrupted on more than half of their shifts, they agreed to their terms of payment to at least some extent, and they were given appropriate facilities for sleeping. Alternatively, the Defendant asserts that a dispute remains as to whether the Plaintiffs took uninterrupted meal breaks.

Fourth, the Defendant asserts that it reasonably believed the FLSA overtime requirements did not apply to the Plaintiffs and that, as a result, it was, at all times, in full compliance with the FLSA. Additionally, the Defendant asserts that was not in violation of the FLSA and that it acted in good faith at all times relevant to this action. Fifth, the parties disagree as to whether the unpaid hours in this case would be considered overtime, and if so, how many hours that would include. Having considered the Defendant's assertions, the Court agrees that there is a bona fide dispute in this case.

II.     *Fair and Reasonable Settlement*

Second, the Court must consider whether the proposed settlement agreement between the parties is fair and reasonable. *Vassallo*, 2016 WL 6037847 at *2 (citing *Dyson v. Stuart Petroleum Testers, Inc.*, 2016 WL 815355 at *2 (W.D. Tex. Feb. 29, 2016) (internal citation omitted)). In order to determine whether a settlement is fair and reasonable, the Court must consider six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the possibility of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

---

[3] On February 4, 2021, the Defendant filed a Motion [163] to Certify the Court's Order [159] denying Summary Judgment for interlocutory appeal. The Defendant's Motion [163] is still pending, and the Defendant has asserted that should this matter proceed to trial, it will continue to pursue that defense to preserve the issue for appeal.

*Birdie v. Brandi's Hope Community Services, LLC*, 2018 WL 3650243 at *2 (S.D. Miss. Aug. 1, 2018) (quoting *Union Asset Management Holding A.G. v. Dell*, 669 F.3d 632, 639 n.11 (5th Cir. 2012)).

Here, the parties stipulate that their proposed settlement agreement is fair and reasonable and that it follows the sharing of detailed information regarding the parties' relevant defenses and claims and arms-length negotiations. As to the first factor, the parties agree that there was no fraud or collusion in arriving at the settlement agreement. Further, the Court notes that the settlement was reached during a settlement conference over which Magistrate Judge Virden presided. Thus, this Court finds that this first factor supports approving the settlement agreement proposed in this matter. Second, the parties agree that settlement is economical in this case and prevents the parties from a lengthy and expensive trial. For example, the parties assert that were this matter to go to trial, nearly fifty witnesses would testify. In an effort to avoid such costly and extensive litigation, this Court finds that the second prong of this analysis favors settlement. Third, the named Plaintiffs filed their Complaint [1] in this matter on March 26, 2018. As such, the parties claim that they have had sufficient time to conduct discovery. The Court agrees. The parties have had ample time and opportunity to fully develop any and all claims and defenses related to the Plaintiffs' contentions.

When addressing the fourth factor, "the Court must compare the terms of the settlement with the likely rewards the class would have received following a successful trial of the case." *Lee*, 2015 WL 13729679 at *6 (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). "The court, however, is not to decide the issues or try the case to assess this factor, because, the very purpose of the compromise is to avoid the delay and expense of such a trial." *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611 at *6 (N.D. Tex. Dec. 11, 2003) (quoting *Reed*, 703 F.2d

5

at 172 (internal quotation omitted)). Here, the parties note that risks remain as to both the Plaintiffs and the Defendant and that, as a result, settlement eliminates the risks both parties would face if they proceeded to trial. Therefore, this factor supports the approval of settlement. Fifth, the parties assert that the range of possible recovery in this case is uncertain and that such uncertainty has contributed to the parties' decisions to settle this case. Finally, both parties assert that they are represented by counsel who have experience in employment disputes and have advised their clients as to settlement. Further, the counselors in this case recommend judicial approval as to the proposed settlement. As such, this factor also supports the approval of settlement.

As part of its analysis for fairness and reasonableness, this Court must also consider the reasonableness of the proposed expenses and attorneys' fees. *Price v. On Trac Inc.*, 2018 WL 6804326 at *1 (W.D. La. Dec. 19, 2018) (citing *Strong v. BellSouth Telecommunications. Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998)). District courts in the Fifth Circuit often use a percentage method, accompanied with an analysis of the *Johnson* factors, to determine the reasonableness of attorneys' fees. *Union Asset Management Holding A.G.*, 669 F.3d at 643 (internal citations omitted). *See also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Here, the parties have agreed to a 35% contingency fee for the Plaintiffs' attorneys. The parties have not submitted documents detailing the specific number of hours the attorneys have worked; however, they have submitted in their confidential documents to the Court a total to be paid to the attorneys for costs and fees and have noted that the fees constitute a 35% contingency fee. Such a fee has been deemed a reasonable rate within the Fifth Circuit. *See Arnold v. West Mississippi Home Health Services, Inc.*, 2018 WL 11275432 at *3 (S.D. Miss. May 29, 2018) (slip copy) ("The payments to Plaintiffs' counsel for attorneys' fees, costs, and litigation expenses were

based on [the Plaintiffs'] agreement to a 45% contingency fee and are a reasonable compromise for prosecuting these uncertain claims."). *See also Heffernan Bryant v. United Furniture Industries, Inc.*, 2017 WL 639320 at *4 (N.D. Miss. Feb. 16, 2017) ("In the case at bar, the *Johnson* factors weigh heavily in Class Counsel's favor, and the Court agrees that he is entitled to the 40% requested."); *Legros v. Mud Control Equipment, Co.*, 2017 WL 925730 at *3 (W.D. La. Mar. 6, 2017) (approving a 40% contingency fee). Therefore, this Court finds 35% to be reasonable under these circumstances.

## *Conclusion*

For the reasons fully discussed above, the parties' Joint Motion [173] for Settlement Approval is GRANTED. This case is hereby DISMISSED *with prejudice*.

SO ORDERED, this 30th day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE